UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MORRIS McALLISTER,

                           Plaintiff,

                -against-                              16-cv-9885 (GHW) (RLE)

QUICK PARK and TEAMSTER LOCAL 917,

                           Defendants.
----------------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON BEHALF OF DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 917


                                      ARCHER, BYINGTON, GLENNON & LEVINE LLP
                                      One Huntington Quadrangle - Suite 4C10
                                      P. O. Box 9064
                                      Melville, New York 11747-9064
                                      (631) 249-6565

*On the Brief:*
Robert T. McGovern

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

STATEMENT OF RELEVANT FACTS .........................................................................................1

ARGUMENT ....................................................................................................................................3

THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE RATHER THAN
REMANDED BECAUSE PLAINTIFF SEEKS TO RELITIGATE THE CLAIMS
THIS COURT DISMISSED IN CASE 13-CV-5772 ........................................................................3

    A.     The Motion to Remand Must Be Denied ..............................................................................3

    B.     The Union's Cross-Motion for Judgment on the Pleadings Must be Granted ....................5

CONCLUSION .................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ball v. A.O. Smith Corp.*, 451 F.3d 66 (2d Cir. 2006) .................................................. 5, 6

*Buttry v. General Signal Corp.*, 68 F.3d 1488 (2d Cir. 1995) ........................................... 7

*D'Alessio v. New York Stock Exchange*, 258 F.3d 93 (2d Cir. 2001) ............................... 5

*Figueroa v. Foster*, No. 14 Civ. 08796 (GHW) 2016 U.S. Dist. LEXIS 63413
  (S.D.N.Y. May 12, 2016) .............................................................................................. 4

*Jones v. International Union of Operating Engineers Local 158, et al.*,
  16-115-cv 2016, U.S. App. LEXIS 21971 (2d Cir. Dec. 12, 2016) ............................. 5

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280 (2d Cir. 2002) ...................................... 5

*Morillo v. Grand Hyatt N.Y.*, 13 Civ. 7123 (JGK) 2014 U.S. Dist. LEXIS 94629
  (S.D.N.Y. July 10, 2014) .............................................................................................. 4

*Wilson v. Limited Brands, Inc.*, 08 CV 3431 (LAP), 2009 WL 1069165
  (S.D.N.Y. April 17, 2009) ............................................................................................ 5

**Statutes**

28 U.S.C. § 1441(a) ............................................................................................................ 3

28 U.S.C. §1447(c) ......................................................................................................... 3, 4

Fed. R. Civ. P. 41(a)(2) ...................................................................................................... 4

## STATEMENT OF RELEVANT FACTS

On August 26, 2013, Morris McAllister filed a pro se complaint in Case No. 13-cv-5772 (RLE) (*McAllister I*) principally alleging that his labor union, Teamsters Local 917 (Local 917), failed to represent him adequately with respect to the termination of his employment as a Porter when his employer, Quik Park (sued herein as Quick Park), eliminated the Porter job classification soon after it began operating the parking garage where Mr. McAllister worked. Specifically, Mr. McAllister asserted race and age discrimination as well as retaliation claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, respectively.

Mr. McAllister also filed a pro se complaint in Case No. 13-cv-6618, against Quik Park, in which he asserted similar race and age discrimination as well as retaliation claims.

Both Local 917 and Quik Park moved for summary judgment and on September 2, 2015, this Court granted both motions. Declaration of Robert T. McGovern, dated February 23, 2017 (McGovern Decl.) ¶ 2, Exh. 1. Thereafter, Mr. McAllister appealed both dismissals and, following a consolidated oral argument, on December 8, 2016, the Second Circuit issued separate decisions affirming the district court's decisions in their entirety. McGovern Decl. ¶ 3, Exh. 2 (Local 917 decision); Exh. 3 (Quik Park decision).

In his appeal of his case against Local 917, Mr. McAllister argued in his letter-brief to the Second Circuit that "Quick Park never provided me with any notice . . . . I requested to have the layoff in writing and I was denied." McGovern Decl. ¶ 4, Exh. 4. In its decision in the Local 917 appeal, the Circuit stated "[t]o the extent McAllister attempts to raise a non-discrimination-based claim for breach of duty of fair representation [DFR], assuming such a claim as timely... the claims fails. McGovern Decl. ¶ 3, Exh. 2. (citation omitted). According to the Circuit, the DFR

1

claim failed for two reasons. First, because "McAllister has not presented sufficient evidence from which a jury could find that Local 917's conduct in failing to get him rehired as a porter or parking attendant was arbitrary or in bad faith." *Id.* at 4 (citation omitted). And second, "[t]he collective bargaining agreement permitted McAllister's employer to eliminate the porter position." *Id.* Further, as the Circuit noted, "Local 917 attempted to secure a parking attendant position for McAllister, but McAllister was not qualified as he did not have a driver's license. *Id.* Simply put, "[t]here is no evidence that Local 917 acted arbitrarily or in bad faith." *Id.*

On October 13, 2016, Mr. McAllister filed a Petition for Rehearing. McGovern Decl. ¶ 5, Exh. 5.

On November 28, 2016, the Second Circuit issued an Order denying the Petition. McGovern Decl. ¶ 6, Exh. 6.

Also on November 28, 2016, Mr. McAllister, acting pro se, commenced an action in New York State Supreme Court. His handwritten Complaint states:

> On October 12, 2012 I, Morris McAllister was call [sic] into the office at approximately 1:30 p.m. in the afternoon by Supervior [sic], who was John Isaac at the time. Upon my arrival Mr. Isaac sat me down and termination [sic] of my employment. He simply asked me to hand him the company keys and states that services were no longer needed. In my defence [sic], I then asked him about the layoff notice, along with my two weeks pay. He said have to [sic], and I told him that I would discuss these matter [sic] with the union[.] I call the union and spoke with David Perez, who is the union agent, and told him Quick park laid me off with a notice. Mr. Perez than [sic] told me that he would call the company to try to set up a grievance for myself along with Quick Park[.] After waiting for a respones [sic], he never call [sic] me back and then I decided to follow up myself [sic] when I made the call Mr. Perez told me that Quick Park was allowed to lay me off with out [sic] a notice[.] After speaking with him I decided to go to [sic] National Labor [Relations] Board to further discuss the incident, from that I told Mr. Perez that I already spoke with N.L.[R.]B.and stated that the postion [sic] in which I was employed under been elimination [sic]. I was unfairly treated wrong and I am here to seek justice. Thank you for your time.

McGovern Decl. ¶ 7, Exh. 7. Attached to the State Court Complaint are two highlighted portions

2

of Local 917's collective bargaining agreement: Discharge and Discipline (Article III) and Grievance & Arbitration Procedure (Article (XVII). *Id.*

On December 8, 2016, the Second Circuit's mandate issued. McGovern Decl. ¶ 3, Exh. 2.

On December 22, 2016, Local 917 removed the state court case to this court (ECF No. 1) and on January 3, 2017, Local 917 filed its Answer. McGovern Decl. ¶ 8, Exh. 8 (ECF No. 8).

On February 8, 2017, Mr. McAllister filed a Motion to Remand. (ECF No. 20). In support of his motion, Mr. McAllister filed a handwritten Declaration, which states:

> Dear Judges, I would like my case to be hear [sic] in the Supmes [sic] Court because I have new fact about my case[.] In the bargain agreement states that they sould [sic] have give me notice why the lay me off[.] So a new case I am bring [sic] up on the close not have anything to with the old case so let the new case be hear [sic]. Thank you.

McGovern Decl. ¶ 9, Exh. 9 (ECF No. 20).

Finally, on February 22, 2017, Mr. McAllister filed a letter with the Court stating that he would like to withdraw his case. ECF No. 26.

## ARGUMENT

### THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE RATHER THAN REMANDED BECAUSE PLAINTIFF SEEKS TO RELITIGATE THE CLAIMS THIS COURT DISMISSED IN CASE 13-CV-5772

#### A. *The Motion to Remand Must Be Denied*

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A motion to remand a removed case to state court is governed by 28 U.S.C. §1447(c), which states" "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." However, "[i]f at any time before final judgment it

3

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*.

Here, Local 917 removed the case on December 22, 2016, and plaintiff did not file his motion to remand until February 8, 2017. The motion is therefore, untimely.

Further, any state law claim against the Union that may be gleaned from the complaint plaintiff filed in NYS Supreme Court "is preempted because it is subsumed by the duty of fair representation." *Morillo v. Grand Hyatt N.Y.*, 13 Civ. 7123 (JGK) 2014 U.S. Dist. LEXIS 94629, ** 8-9 (S.D.N.Y. July 10, 2014) ("The duty of fair representation is derived from Section 301 of the LMRA and Sections 8(b) and 9(a) of the NLRA." (citations omitted). Thus, in *Morillo*, District Judge Koeltl denied the plaintiff's motion to remand the case because his claims were DFR claim, which are preempted by federal labor law. *See also Figueroa v. Foster*, No. 14 Civ. 08796 (GHW) 2016 U.S. Dist. LEXIS 63413, ** 27-28 (S.D.N.Y. May 12, 2016) (DFR claims arising from the NLRA preempts state law "to the extent that the claimed discrimination arises from acts or omissions of a labor organization acting in its role as a collective bargaining representative under the NLRA").

So too in this case, plaintiff's claim against Local 917 is nothing more than a rehash of his prior case that was dismissed by this Court and in which the Second Circuit held that Mr. McAllister's DFR claim lacked merit.

Finally, on Mr. McAllister's February 22, 2017, filed a letter with the Court stating that he would like to withdraw the case (ECF No. 26). Given his pro status, it is unclear whether Mr. McAllister believes withdrawing this case, which was removed from state court, will clear the way for him to pursue the state court action. Therefore, if the Court is inclined to grant his request, Local 917 respectfully requests that an Order granting such voluntary dismissal state that it is with prejudice and operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(2).

### B. The Union's Cross-Motion for Judgment on the Pleadings Must be Granted

A Rule 12(c) motion for judgment on the pleadings is decided under the same standard applied in a Rule 12(b)(6) motion to dismiss. *D'Alessio v. New York Stock Exchange*, 258 F.3d 93, 99 (2d Cir. 2001). *See also Wilson v. Limited Brands, Inc.*, 08 CV 3431 (LAP), 2009 WL 1069165 (S.D.N.Y. April 17, 2009) (granting Rule 12(c) motion on ground that collateral estoppel precluded plaintiff from re-litigating claims previously litigated both in State Division of Human Rights and state court Article 78 proceeding). Moreover, as the court in Wilson held further: "[T]o the extent that Plaintiff argues that she did not raise all her federal causes of action in her Article 78 proceeding, she is nevertheless barred from raising them now pursuant to the doctrine of res judicata." *Id.* at * 3.

In this case, collateral estoppel precludes Mr. McAllister from "relitigating in [this] action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). *See also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) ("Federal principles of collateral estoppel, which we apply to establish the preclusive effect of a prior federal judgment, require that '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" (citation omitted)); *Jones v. International Union of Operating Engineers Local 158, et al.*, 16-115-cv 2016, U.S. App. LEXIS 21971, * 2 (2d Cir. Dec. 12, 2016) ("[U]nder the doctrine of collateral estoppel, a decision rendered in a related action that Jones brought against his employer barred Jones's discrimination claims in this action.").

Mr. McAllister's prior action against Local 917 revolved solely around the termination of

5

his employment by Quik Park in October 2012. Although he asserted race and age discrimination as well as retaliation claims in the district court, he abandoned those claims on appeal and simply argued that Local 917 failed to represent him in connection with his termination. However, both this Court and the Second Circuit previously rejected his DFR claim.

Here, the four factors identified in *Ball* are satisfied. First, the identical issue of whether Local 917 breached its duty of fair representation was raised in *McAllister I*. Second the DFR issue was actually litigated and decided in *McAllister I* the previous proceeding; (3) Mr. McAllister had a full and fair opportunity to litigate the DFR issue in *McAllister I*. And fourth, resolution of the DFR issue was necessary to support a valid and final judgment on the merits in *McAllister I*. *Ball*, 451 F.3d at 69.

Mr. McAllister's attempt to relitigate *McAllister I* is demonstrated by the statements contained in his Declaration in support of his motion to remand. Although Mr. McAllister claims this is a "new case" - he relies solely upon the CBA's provision requiring that "[t]he Company shall give the Union written notice [of] such discharge or suspension as soon as practicable but in no case later than five (5) days after such action takes place . . . ." McGovern Decl, Exh. 7 (CBA Article III at 3). To whatever extent Quik Park may have failed to provide such a notice to Local 917, any claim arising out of the lack of notice could have been asserted in *McAllister I*. Indeed, in his letter-brief to the Second Circuit, Mr. McAllister specifically raised the issue of lack of written notice. McGovern Decl, Exh. 4 ("Quick Park never provided me with any notice . . . . I requested to have the layoff in writing and I was denied."). Therefore, Mr. McAllister's most recent complaint must be dismissed under the doctrine of collateral estoppel.

Finally, issues of claim or issue preclusion aside, any claim arising out of the failure to provide notice is time barred. In this regard, as the Second Circuit noted, DFR claims are subject

6

to a 6-month state of limitations. McGovern Decl, Exh. 2 at 3-4 (citing *Buttry v. General Signal Corp.*, 68 F.3d 1488 (2d Cir. 1995)). As the Circuit in *Buttry* explained: "Once a plaintiff learns of [the] union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiff[] cannot be treated as a continuing violation that precludes the running of the limitations period." 68 F.3d at 1492.

In this case, Mr. McAllister commenced *McAllister I* on August 26, 2013. He notified the Union of his layoff by Quik Park on or about October 8, 2012. McGovern Decl, Exh. 1 at 2. The Union informed Mr. McAllister that his job position was eliminated by Quik Park on October 18, 2012. *Id.* Thus, in order to have timely brought a DFR claim, Mr. McAllister was required to bring a DFR claim within six months, *i.e.*, in or before the Spring of 2013. Therefore, any DFR claim was time barred before he brought *McAllister I* and is no less time barred when he filed his state court action three years later in November 2016.

## CONCLUSION

For all the reasons stated above, the Court is urged to (1) deny Mr. McAllister's Motion to Remand; and (2) grant Local 917's motion for Judgment on the Pleadings and dismiss the Complaint with prejudice.

Dated:   Melville, New York
         February 23, 2017

                        Respectfully submitted,
                        By: */s/ Robert T. McGovern*
                            Robert T. McGovern
                            Archer, Byington, Glennon & Levine LLP
                            One Huntington Quadrangle - Suite 4C10
                            P. O. Box 9064
                            Melville, New York 11747-9064
                            Phone: (631) 249-6565
                            Fax: (631) 777-6906
                            rmcgovern@abgllaw.com