USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORRIS MCALLISTER,

      Plaintiff,

- against -

QUICK PARK,
TEAMSTERS LOCAL 917,

      Defendants.

REPORT AND
RECOMMENDATION

16-CV-9885 (GHW)(RLE)

**To the HONORABLE GREGORY H. WOODS, U.S.D.J:**

## I.  INTRODUCTION

Morris McAllister, *pro se* Plaintiff, commenced an action against Teamsters Local 917 ("Local 917") and Quick Park, (collectively, "Defendants"), in the Supreme Court of New York, New York County, on November 28, 2016. (Local 917's Memorandum of Law ("Local 917's Mem. of Law"), Doc. No. 29). McAllister's complaint alleged that Quick Park had breached the collective bargaining agreement and that Local 917 violated its duty of fair representation with respect to his termination of employment in October 2012. *Id.* On December 22, 2016, Local 917 removed the action to this Court pursuant to 28 U.S.C.§ 1441 and 1447. (Notice of Removal, Doc. No. 1). On February 8, 2017, McAllister filed a motion to remand based on a "new fact" related to the bargaining agreement. (Motion to Remand ("Mot. to Remand"), Doc. No. 20).

On February 23, 2017, in addition to opposing McAllister's motion to remand, Local 917 filed a cross-motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure asserting collateral estoppel. (Teamsters Local 917's Cross-Motion for Judgment

on the Pleadings ("Local 917's Cross Mot. for J. on the Pleadings"), Doc. No. 27). On March 3, 2017, Quick Park filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. (Quick Park's Notice of Motion ("Quick Park's Mot. to Dismiss"), Doc. Nos. 37). On April 7, 2017, McAllister responded to Quick Park's motion to dismiss, but did not respond to Local 917's cross-motion for judgment on the pleadings. (McAllister's Notice of Motion ("McAllister's Response"), Doc. No. 43).

For the reasons set forth below, I recommend that McAllister's motion to remand be **DENIED** and that Local 917's cross-motion for judgment on the pleadings and Quick Park's motion to dismiss be **GRANTED**.

## II.  BACKGROUND

In 2005, Imperial Parking (U.S.), LLC., ("Imperial") hired McAllister as a porter. *McAllister v. Teamsters Local 917*, 13-CV-5772 (RLE), 2015 WL5155749, at *1 (S.D.N.Y. Sept. 2, 2015). On September 1, 2012, Imperial's management contract expired and Quick Park began managing Imperial's parking garages. *Id.* Quick Park retained all of Imperial's staff, including McAllister, whose job as a porter was to clean the garages. *Id.* On October 7, 2015, Quick Park laid off its only two porters, McAllister and Oscar Guerroro, indicating that the position was unnecessary. *Id.*

The following day, McAllister contacted his union, Local 917, and informed them of his layoff. *Id.* at 2. David Perez, the secretary-treasurer of Local 917, told McAllister that he would first investigate the layoffs before getting back to him. *Id.* Perez contacted Lincoln Llopiz, Quick Park's Vice President of Operations, and found out the porter position had been eliminated because Quick Park did not have the porter classification at any of its garages. *Id.*

2

Perez and Llopiz came to an agreement that Local 917 would consent to Quick Park using parking attendants to clean garages, in place of porters. *Id.* On October 18, 2012, Perez called McAllister and informed him that Quick Park had eliminated the porter position. *Id.*

## A. National Labor Relation's Board Actions

On November 19, 2012, McAllister filed an unfair labor practice charge with the National Labor Relation's Board ("NLRB") against Local 917. *Id.* at 2. McAllister alleged that Local 917 had unlawfully refused to process his grievance against Quick Park, in violation of the National Labor Relations Act. *Id.* On February 28, 2013, the NLRB dismissed the charge because the evidence failed to establish that the union had violated the Act as alleged. *Id.* On April 8, 2013, McAllister filed a second charge, alleging that Local 917 had failed to represent him in his grievance concerning his layoff. He claimed that Local 917 had acted for arbitrary, discriminatory, and capricious reasons. *Id.* On June 27, 2013, the NLRB dismissed the second charge against Local 917 because the "evidence fail[ed] to establish that the Union violated the Act." *Id.* The investigation found that pursuant to the collective bargaining agreement Quick Park could eliminate the porter position and that Local 917 had tried unsuccessfully to transfer McAllister's work. *Id.*

## B. New York Division of Human Rights Actions

On March 5, 2013, McAlister filed verified complaints against Local 917 and Quick Park with the New York State Division of Human Rights ("NYDHR"). With respect to Local 917, he alleged that the union had retaliated against him for opposing discrimination and had "failed to give him an arbitration hearing, failed to give him a layoff notice, or do anything for him." *Id.* The complaint against Quick Park alleged that: (1) Quick Park had terminated his employment in violation of NYHRL and Title VII because he had opposed discrimination; (2) others with less

3

seniority should have been laid off; and (3) the employees who were not terminated had been promoted to his former position. *Id.* On April 11, 2013, McAllister amended his complaints. *Id.* He alleged that the union had retaliated against him for opposing discrimination and had failed to represent him because of his race in violation of Title VII and NYHRL. *Id.* The amended complaint against Quick Park alleged that he had been terminated because he had opposed discrimination because of his age and that three younger employees were doing his job. *Id.*

NYDHR dismissed McAllister's both complaints against Quick Park on June 28, 2013. *Id.* With respect to Quick Park, the investigation revealed the "younger" employees McAllister referenced were older than McAllister. *Id.* The parking attendant who had replaced McAllister and confirmed that the porter position had been eliminated was also older than McAllister. *Id.* The NYHDR concluded that the investigation did not reveal sufficient evidence to establish an inference of discrimination based on age or retaliation. *Id.*

With respect to Local 917, the investigation revealed that McAllister had not complained to the union until after he had been terminated and thus, had not engaged in any protected activity prior to termination. *Id.* at 3. The NYDHR concluded that there was not sufficient evidence to establish an inference of discrimination based on age and retaliation. *Id.*

## C. Equal Employment Opportunity Commission Actions

On March 5, 2013, McAllister filed charges of employment discrimination under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission ("EEOC") against both Local 917 and Quick Park. *Id.* He relied upon the charges listed in the NYDHR complaints filed on March 5, 2013. *Id.* The EEOC dismissed McAllister's claims against Local 917 and Quick Park. *Id.*

### D. Prior Federal Actions

McAllister commenced an action against Local 917 (13-CV-5772) in this District on August 26, 2013. *Id.* On October 30, 2013, McAllister filed an Amended Complaint alleging that Local 917 had violated Title VII and the ADEA by retaliating against him and by failing to promote him because of his race and age. McAllister also commenced an action against Quick Park (13-CV-6618) on September 17, 2013. *Id.* On December 2, 2013, McAllister filed an Amended Complaint alleging that Quick Park had violated Title VII and NYHRL by terminating him because of his race and age. *Id.* On December 5, 2014, Defendants filed separate motions for summary judgment. *Id.* at 1. On September 2, 2015, the Court granted these motions. *Id.* at 11.

On September 25, 2015, McAllister filed Notices of Appeal from the judgments. (13-CV-5772, Doc. No. 44; 13-CV-6618, Doc. No. 49.) The Second Circuit affirmed the judgments on September 12, 2016. (McGovern's Declaration ("McGovern's Decl."), Doc. No. 28, Ex. 2-3; Katz's Declaration ("Katz's Decl."), Doc. No. 29, Ex. 19.). On October 13, 2016, McAllister requested a panel rehearing in his action against Local 917 and asked the court to consider "exhibit b," the collective bargaining agreement's arbitration provision. (McGovern's Decl., Ex. 5). On November 28, 2016, the Second Circuit denied a panel rehearing, or, in the alternative, a rehearing en banc. (*Id.* at Ex. 6).

### E. Current Federal Actions

On November 28, 2016, McAllister filed a Complaint against Quick Park and Local 917 in the Supreme Court of New York, County of New York, alleging that he was unfairly treated during the firing process. (*Id.*, Ex. 7). Local 917 removed the action to this District on December 22, 2016. (Notice of Removal, Doc. No. 1). On February 8, 2017, McAllister filed a

5

motion to remand to the New York State Supreme Court, stating that he had a "new fact" relating to the CBA. (Mot. to Remand). On February 23, 2017, Local 917 filed a cross-motion for judgment on the pleadings in response to McAllister's motion to remand. (Local 917's Mot. for J. on the Pleadings). On March 3, 2017, Quick Park filed a motion to dismiss. (Quick Park's Notice of Mot. to Dismiss). The Court ordered McAllister to respond to Quick Park and Local 917's motions on April 3, 2017. (Doc. No. 42.) McAllister filed a response asking for his case not to be dismissed on April 7, 2017. (McAllister's Resp., Doc. No. 44). Quick Park filed a reply memorandum on April 13, 2017. (Quick Park's Mem. of Law, Doc. No. 45). On April 14, 2017, Local 917 filed a reply in support of their cross motion. (Local 917's Reply Mem. of Law, Doc. No. 46).

### III. DISCUSSION

**A. McAllister's Motion to Remand Should Be Denied Because it is Untimely.**

Pursuant to 28 U.S.C. §1441(a), the defendant has the permissive right to remove an action "of which the district courts of the United States have original jurisdiction" to federal court. 28 U.S.C. §1441(a) In determining whether a district court has original jurisdiction, a court examines if the plaintiff's "well-pleaded complaint" presents a federal question. *Caterpillar*, 482 U.S. 386, 392 (1987). A party in opposition to removal must submit a motion to remand in accordance with 28 U.S.C. § 1447(c), which states "a motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal." 28 U.S.C. §1447(c).

Here, McAllister's Complaint alleges that Quick Park breached the collective bargaining agreement and Local 917 violated its duty of fair representation. (Katz' Decleration ("Katz' Decl."), Doc. No. 39, Ex. T). An action against an employer for breaching a collective

6

bargaining agreement and a union for violating its duty of fair representation is considered a hybrid § 301/ fair representation claim under the National Management Relations Act and National Labor Relations Act. *Tomney v. Intl'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005); *Nelson v. Local 1181–1061, Amalgamated Transit Union, AFL–CIO*, 652 Fed.App'x 47, 48 ("Section 301 of the Labor Relations and Management Act governs cases involving breaches of collecting bargaining agreements.") Pursuant to 29 U.S.C. § 185(a), "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Accordingly, original jurisdiction in this Court is proper because the claim arises out of federal law and Local 917 utilized the proper mechanisms for removal. (Notice of Removal); 29 U.S.C. § 185(a). Thus, Local 917's removal to the Court is proper.

Because removal to the Court was proper, McAllister had thirty (30) days to object. 28 U.S.C. § 1447(c). His objection, however, occurred on February 8, 2017, forty-nine (49) days after the case had been removed. (Mot. to Remand). The objection is therefore untimely. Even if the Court were to address the objection on the merits, McAllister would fail. McAllister claims that he opposes removal because he has a "new fact." *Id.* This assertion notwithstanding, there is nothing in McAllister's submission to support a challenge to this Court's jurisdiction. *Id.* I recommend that the motion to remand be **DENIED.**

## B. Local 917's Cross Motion for Judgment on the Pleadings Should Be Granted Because the Issue of Local 917 Violating the Duty of Fair Representation is Issue Precluded.

### 1. Standard of Review for Judgment Under Rule 12(c)

The Court reviews a Rule 12(c) motion using the same standard applicable to Rule 12(b)(6) motions to dismiss. *Heller v. Consolidated Rail Corp.*, 331 Fed. App'x 766, 767 (2d Cir. 2009) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)). The Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 767. To survive a Rule 12(c) motion, the Complaint "must state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.2d 150, 160 (2d Cir. 2010). Because McAllister is proceeding *pro se*, the Court must "liberally construe [his] complaint and interpret it to raise the strongest arguments that are suggested." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### 2. McAllister's Duty of Fair Representation Claim Against Local 917 is Issue Precluded.

Local 917 argues that prior findings by the Second Circuit preclude McAllister from litigating Local 917's alleged violation of duty of fair representation. (Local 917's Mem. of Law at 5-6). Issue preclusion, also referred to as collateral estoppel, prevents parties and their privies from relitigating an issue that was fully and fairly litigated in a prior proceeding. *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F. 3d 263, 284 (2d Cir. 2012). When analyzing if an issue is precluded, the Court considers four factors: (1) whether an identical issue was raised in a prior proceeding; (2) whether the issue was litigated and decided; (3) whether the non-moving party had a full and fair opportunity to litigate; and (4) whether the issue was necessary to a valid and final judgment on the merits. *See Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). The moving party has the burden with respect to (1), (2) and (4), while the non-moving party has the

8

burden with respect to (3). *See Vaccaro v. Bank of America, N.A.*, 2016 A.M.C. 2883, 2892 (S.D.N.Y 2016). In applying issue preclusion, a court must also make sure the application of the doctrine is fair. *See Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp. v. 1109580 Ontario, Inc.,* 409 F.3d 87, 91 (2d Cir. May 2005).

In this action, all four of the requirements for issue preclusion are satisfied. First, the identical issue requirement is met when the Court finds that "the substantially same legal or factual dispute was used in the prior action." *Lawtone-Bowles v. Katz*, No. 14-CV-606 (CS), 2016 WL 6834018, at *5 (S.D.N.Y. Nov. 17, 2016) (finding plaintiff raised the identical issue of excessive force in a prior proceeding). The issue—that Local 917 "acted arbitrarily, discriminatorily, or in bad faith" —is not only substantially similar, but identical to the allegations in McAllister's September 2015 letter-brief to the Second Circuit. *See* (15-cv-3047, Doc. No. 37). McAllister explicitly states "[a]s a member…in good standing, the local union 917 violated my bill of rights as a union paying member. Neither this company nor the Union gave the opportunity to me to discuss my termination." *Id.* As Local 917 notes, this language demonstrates that McAllister already raised the issue he is alleging in this Complaint against Local 917 in his Second Circuit appeal. (McGovern's Decl., Ex. 5).

Second, the litigated and decided requirement is satisfied when a prior proceeding examines and resolves the same set of facts on which the current claims exist. *See Lawtone-Bowles*, 2016 WL 6834018, at *5 (finding that the false arrest and excessive force issue brought in prior proceedings arose out of the same facts as the current claim). As Local 917 notes in its memorandum, the duty of fair representation issue here arises out of the same set of facts and legal arguments that McAllister alleged at his Second Circuit appeal. (Local 917's Mem. of Law). When examining the merits of McAllister's duty of fair representation claim, the Second

9

Circuit concluded that there was no evidence suggesting that Local 917 acted either arbitrarily or in bad faith towards McAllister. (McGovern's Decl., Ex. 5). Accordingly, the Court finds that Local 917 met its burden in demonstrating the issue of duty of fair representation is the identical issue that was already litigated and decided.

Third, to determine whether a litigant had a full and fair opportunity to litigate, the Court analyzes whether the litigant had the tools of discovery and incentive to litigate in prior proceedings. *See Vaccaro,* 2016 A.M.C. 2883, at *2894 (Sept. 15, 2016) (holding a *pro se* plaintiff engaged in minimum discovery and with claims dismissed on summary judgment had a "full and fair opportunity" to litigate). Moreover, a litigant's *pro se* status is not a sufficient reason for determining a litigant did not have a full and fair opportunity in court. *See Goodson v. Sedlack,* 212 F. Supp. 2d 255, 258 (S.D.N.Y. 2002) (finding a plaintiff's status of a *pro se* litigant does not establish denial of a full and fair opportunity to be heard); *Lawtone-Bowles,* 2016 WL 6834018, at *5 (finding judge's efforts to make the trial deadlines easier for the *pro se* plaintiff allowed plaintiff to fully litigate the issue). While the Court recognizes the difficulties of McAllister representing himself, his status as a *pro se* litigant does not prevent a finding that he had a full and fair opportunity to litigate an issue. Moreover, in his prior proceeding, McAllister received ample time to litigate his case at the district court level and received procedural extensions from the Court. The issue of whether Local 917 violated the duty of fair representation, furthermore, was the essential reason McAllister appealed his case against Local 917, primarily because he had abandoned the Title VII and AEDA claims. (McGovern's Decl., Ex. 5). Thus, McAllister received ample opportunity and had great incentives to fully and fairly litigate the duty of fair representation claim in various forums.

Fourth, the issue decided in the prior proceeding was one necessary to support a valid and final judgment on the merits. A dismissal at the district court level on a summary judgment motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is final for res judicata purposes. *See Vaccaro*, 2016 A.M.C. 2883, at *2894 (finding issue precluded though issue from prior proceeding was dismissed on summary judgment motion). Even though the Second Circuit affirmed the district court's motion to dismiss, it also considered the merits of McAllister's duty of fair representation claim against Local 917 and declared it to be without merit. (Summary Order, *McAllister v. McGovern*, 15-3054-cv (2d Cir. Sept. 12, 2016).

Thus, the issue of whether Local 917 violated its duty of fair representation should be precluded from this litigation and all further litigation. The Court recommends the motion to dismiss be **GRANTED** with prejudice.

## C. Quick Park's Motion to Dismiss Under 12(b)(6) Should be Granted Because McAllister's Claim is Claim Precluded

### 1. Standard of Review for Dismissal Under 12(b)(6)

On March 3, 2017, Quick Park filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. (Quick Park's Mot. to Dismiss). On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 151 (2d Cir. 2002) (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235–36 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Where a plaintiff is *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, in deciding a motion to dismiss involving a *pro se* plaintiff, the court can look beyond the "four corners of the complaint" to all the pleadings before the court, including the plaintiff's opposition papers. *Pagan v. New York State Div. of Parole*, No. 98-CV-5840 (FM), 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002); *Amaker v. Haponik*, No. 98-CV-2663, 2000 WL 343772, at *1 (S.D.N.Y. Mar. 31, 2000).

### 2. McAllister's Breach of Collective Bargaining Agreement Claim Against Quick Park is Claim Precluded.

Although *pro se* plaintiffs are held to less stringent pleading standards, "*pro se* litigants are still bound by the same rules of law, including preclusion law, as those [litigants] represented by counsel." *Fertig v. HRA Med. Assistance Program*, No. 10-CV-8191 (RPP), 2011 WL 1795235, at *4 (S.D.N.Y. May 6, 2011). For a claim to be claim precluded, the moving party must demonstrate: "(1) that the earlier decision was a final judgment on the merits; (2) by a court of competent jurisdiction; (3) in a case involving the same parties or their privies; and (4) involving the same cause of action." *See Overview Books, LLC v. United States*, 438 F. App'x, 31, 33 (2d Cir. 2011).

The res judicata, or claim preclusion, doctrine applies in this case. Claims dismissed on summary judgment are considered final judgements on the merits. *Overview Books, LLC* 438 F. App'x, at 33 (finding a court's dismissal under Rule 12(b)(6) constitutes an adjudication on the merits). Here, McAllister's previous claims against Quick Park resulted in summary judgment granted to Quick Park, which the Court granted after examining the merits of the case. (13-CV-5772, Op. and Order). The Court had competent jurisdiction at the time of the first case because the underlying discrimination claims arose under Title VII and AEDA and both parties consented to proceeding before a magistrate judge. *Id.* Third, the original parties of *McAllister v. Quick Park* (13-cv-6618)—i.e., McAllister and Quick Park—are the parties litigating this action. Finally, McAllister's allegations in this case are the same ones raised in his letter-brief to the Second Circuit, in which he alleges that Quick Park "never provided me with any notice in writing." (McGovern's Decl., Ex. 5). How these claims are labeled is irrelevant as long as they derive from "the same transaction or connected series of transactions [] at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Jordan v. Verizon Corp.*, 2008 WL 5209989, at *6 (S.D.N.Y. Dec. 10, 2008) (citing *NLRB v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir. 1983). The claim before the Court today concerns the same October 2012 termination and asks the Court to rule on the same facts and evidence that the Second Circuit already considered in September 2015. *Compare* (McGovern's Decl., Ex. 7) *with* (*id.*, Ex. 5). Thus, the Court finds that Quick Park has met its burden in demonstrating that McAllister's claim is precluded.

McAllister states in the Complaint that he has a "new fact" but the possibility of uncovering new evidence does not affect the Court's analysis or conclusion. *See Gertskis v. New York Dept. of Health and Mental Hygiene*, No. 23-CV-2024 (JMF), 2014 WL 2933149, at *4

13

(June 27, 2014) (citing *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991) (stating that "[a]s a general rule, newly discovered evidence does not preclude the application of *res judicata.*" unless the evidence "was either fraudulently concealed or ... could not have been discovered with due diligence"). Res judicata applies "not only as to all matters litigated and decided but as to all relevant issues which could have been but were not raised and litigated in the suit." *Tompkins v. Local 32BJ, SEIU*, No. 11-CV-0414 (KBF), 2012 WL 1267876, at *3 (S.D.N.Y. Apr. 12, 2012). In McAllister's prior suits, he could have asserted any claims arising from his termination because his claims were based on the same events. *Tompkins*, 2012 WL 1267876, at *9 (finding *pro se* plaintiff should have brought failure to promote, unequal terms and conditions of employment, and a hostile work environment when plaintiff had prior suit based on discrimination and retaliation). As in *Tompkins*, 2012 WL 1267876, at *9, even if McAllister wanted to bring a different claim with his alleged "new evidence," he would be precluded from doing so under the claim preclusion doctrine. Thus, the Court recommends the action be **DISMISSED** with prejudice. Even if there were not any preclusive effects, however, the claims would still fail for the additional reasons below.

### 3. McAllister's Claims Against Quick Park and Local 917 are Barred by the Statute of Limitations.

Both Quick Park and Local 917 move to dismiss McAllister's claims because McAllister's claims are time-barred by the statute of limitations. (Local 917's Mem. of Law; Quick Park's Mem. for Mot. to Dismiss). Defenses based on statute of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim on which relief can be granted. *Francis v. Blaikie Group*, 372 F. Supp. 2d 741, 742 (S.D.N.Y. 2005).

A suit that alleges an employer breached the collective bargaining agreement and the union breached its duty of fair representation is known as a hybrid § 301/fair representation

claim. *Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005). Although not specifically within the National Labor Relations Act ("NLRA") statute, the Court allocates a six-month statute of limitations for a claimant that advances a hybrid § 301. *See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000) (citing *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151 (1983)). To prove a hybrid §301/fair representation claim, the litigant must show that a union breached its duty of fair representation by acting "arbitrarily, discriminatorily, or in bad faith" and an employer breached the collective bargaining agreement. *DaCosta v. Union Local 306*, 08-CV-2470 (PAC) (FM), 2009 WL 2986388, at *7 (S.D.N.Y. Aug. 12, 2009) (citing *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 54 (2d Cir. 2003)). The litigant must also show the union was not merely negligent. *Hogan v. 50 Sutton Place S. Owners, Inc.*, 919 F. Supp. 738, 743 (S.D.N.Y.1996).

In a hybrid § 301 action, the time begins accruing on the statute of limitations when "a claimant knows or reasonably should know that the union has breached its duty of fair representation." *See Carrion*, 227 F.3d at 34; *Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995) (interpreting §301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a)); *Arnold v. 1199 SEIU*, No. 09-CV-5576 (DLC), 2009 WL 4823906, at *4 (S.D.N.Y. Dec. 15, 2009) (finding plaintiff's claim began accruing when plaintiff received notification from union that they would not pursue arbitration). Once an employee learns of the union's breach of its duty of fair representation, the union's subsequent failure to represent a union member cannot be treated as tolling the statute of limitation period. *See Buttry*, 68 F.3d at 1492.

The primary question here is when McAllister knew or reasonably should have known that Local 917 allegedly violated the duty of fair representation. *See Carrion*, 227 F.3d at 34. Here, McAllister knew or had reason to know of Local 917's and Quick Parks alleged

15

misconduct as early as October or November of 2012, when he commenced the grievance process by filing an unfair labor practice charge against Local 917 on November 9, 2012. (Katz' Decl., Ex. A). Specifically, McAllister states in the March NLRB complaint against Local 917 that Local 917 unlawfully failed to represent him in the grievance process. *Id.* As in *Buttry,* 68 F.3d at 1492, McAllister cannot treat Local 917's alleged continuous lack of activity in addressing his claims to toll the statute of limitations. Accordingly, it is clear to the Court, that sometime between October 2012 and March 2013, McAllister possessed the knowledge that Local 917 had allegedly violated the duty of fair representation. It was not until November 28, 2016, however, that McAllister filed his complaint in the New York State Supreme. (Notice of Removal).

Thus, McAllister's complaints against both Local 917 and Quick Park are barred by the statute of limitations. The Court recommends that McAllister's allegations concerning a breach he knew, or should have known, beyond the six-month statute of limitations period, be **DISMISSED** with prejudice.

### IV. CONCLUSION

For the foregoing reasons, I recommend that McAllister's motion to remand be **DENIED**, that Local 917's motion for judgment on the pleadings, and that Quick Park's motion to dismiss be **GRANTED** with prejudice.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the Parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). Such objections shall be filed

16

with the Clerk of Court and Served on all adversaries, with extra copies delivered to the chambers of the Honorable Gregory H. Woods, 500 Pearl Street, Room 2260, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: September 11, 2017**
New York, New York

                                            **Respectfully Submitted,**

                                            */s/ Ronald L. Ellis*
                                            **The Honorable Ronald L. Ellis**
                                            **United States Magistrate Judge**

**MAILED BY CHAMBERS**